■  SIRIUS XM RADIO INC., Respondent, v XL SPECIALITY IN-
SURANCE COMPANY, Appellant, et al., Defendant. [987 NYS2d 324]—

Order, Supreme Court, New York County (O. Peter Sherwood,
J.), entered November 8, 2013, which, inter alia, denied the mo-
tion of defendant XL Specialty Insurance Company (XL) to
dismiss plaintiff insured's claim for breach of contract,
unanimously affirmed, without costs.

Although the "interpretation and application of unambiguous
language in policies of insurance is a legal issue for the court"
(*Thomson v Power Auth. of State of N.Y.*, 217 AD2d 495, 496
[1st Dept 1995]), the subject policy issued by XL is ambiguous
with respect to whether its requirement of notice with respect
to "any" claim pertains to claims that are related under the
provisions for "Interrelated Wrongful Acts." Even assuming
that plaintiff did have to notify XL of every interrelated claim
as soon as practicable, the documentary evidence fails to resolve
all factual issues as a matter of law (*see Fortis Fin. Servs. v
Fimat Futures USA*, 290 AD2d 383 [1st Dept 2002]).

Despite XL's contention that the documentary evidence dem-
onstrated that plaintiff knew about the three actions at issue in
March, April, and May 2011, and yet did not provide notice to
XL until a January 2012 email, the "Prior Notice" exclusion in
the U.S. Specialty Insurance Company (USS) policy, which
provided primary coverage for these actions, provided that USS
could deny coverage if plaintiff notified any of its prior insur-
ance companies (*see e.g. Zahler v Twin City Fire Ins. Co.*, 2006
WL 846352, \*7, 2006 US Dist LEXIS 14263, \*20-21 [SD NY,
Mar. 31, 2006, No. 04 Civ 10299 (LAP)]). Triable issues are also
raised by the January 2012 email, which was plaintiff's "no-
tice" of the subject action to XL, and as to the relatedness of
the timely claim and three disputed claims.

XL's argument that plaintiff did not ask for consent to incur
defense expenses fails if the claims are found to be interrelated
and treated as a single claim under the policy. Furthermore,
XL's August 9, 2012 letter to plaintiff's broker requesting cop-
ies of all fees statements for the subject actions, could be found
to be a waiver of its right to object to defense expenses.

In view of the foregoing issues, plaintiff's contention that
XL's disclaimer was untimely cannot be decided at this juncture.
Concur—Mazzarelli, J.P., Saxe, Manzanet-Daniels and Feinman,
JJ.

■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
WILSON LLANOS, Appellant. [986 NYS2d 335]—Judgment, Supreme

Court, New York County (Lewis Bart Stone, J.), rendered October 25, 2012, resentencing defendant, as a second felony offender, to a term of 20 years, with five years' postrelease supervision, unanimously affirmed.

The resentencing proceeding imposing a term of postrelease supervision was neither barred by double jeopardy nor otherwise unlawful (*People v Lingle*, 16 NY3d 621 [2011]). Concur—Mazzarelli, J.P., Friedman, Saxe, Manzanet-Daniels and Feinman, JJ.